**DISTRICT COURT OF THE VIRGIN ISLANDS**
**DIVISION OF ST. THOMAS AND ST. JOHN**

| | |
|---|---|
| CATERPILLAR FINANCIAL ) | |
| SERVICES CORPORATION, ) | |
| ) | |
|     Plaintiff, ) | |
| ) | |
|         v. ) | Civil Action No. 2016-0054 |
| ) | |
| CHERYL A. BOYNES-JACKSON, ) | |
| Trustee of the NOEL U. BOYNES, SR. ) | |
| AND BERNICE C. BOYNES JOINT ) | |
| LIVING TRUST; NOEL U. BOYNES, SR.; ) | |
| BERNICE BOYNES; MICHAEL JACKSON; ) | |
| and CHERYL BOYNES-JACKSON, ) | |
| ) | |
|     Defendants. ) | |

**Attorneys:**
**David J. Cattie, Esq.,**
St. Thomas, U.S.V.I.
    *For Plaintiff*

**Andrew L. Capdeville, Esq.,**
St. Thomas, U.S.V.I.
    *For Defendant Cheryl Boynes-Jackson,*
    *Trustee of the Noel U. Boynes and*
    *Bernice C. Boynes Joint Living Trust*

**Noel U. Boynes, Sr.,** *Pro Se*
St. John, U.S.V.I.

**Bernice C. Boynes,** *Pro Se*
St. John, U.S.V.I.

**Michael Jackson, Sr.***, Pro Se*
St. John, U.S.V.I.

**Cheryl Boynes-Jackson,** *Pro Se*
St. John, U.S.V.I.

**MEMORANDUM OPINION**

**Lewis, Chief Judge**

THIS MATTER comes before the Court on "Plaintiff's Motion for Summary Judgment" (Dkt. No. 43) filed by Plaintiff Caterpillar Financial Services Corporation ("Caterpillar" or "Plaintiff") against Defendants Cheryl A. Boynes-Jackson, Trustee of the Noel U. Boynes, Sr. and Bernice C. Boynes Joint Living Trust (the "Trust"); Noel U. Boynes, Sr.; Bernice Boynes; Michael Jackson; and Cheryl Boynes-Jackson (collectively "Defendants"). None of the Defendants filed a response to the Motion for Summary Judgment. For the reasons discussed below, the Court will grant Caterpillar's Motion.

## I.  BACKGROUND

On July 7, 2016, Caterpillar filed a Complaint against Defendants, alleging causes of action for debt and foreclosure of a real property mortgage. (Dkt. No. 1). In its Complaint, Plaintiff asserted that Defendants were indebted to it in the amount of $563,585.05, plus interest and penalties, from certain business transactions which were established in a Deficiency Promissory Note (the "Note"). *Id.* at ¶ 9. Each Defendant was a maker of the Note and guarantor of payments under the Note. *Id.* at ¶ 11. Caterpillar alleges that Defendants failed to make the payments on the Note as required and, in order to secure the outstanding balance, and after reaching an agreement, Cheryl Boynes-Jackson, as Trustee of the Trust, executed a First Priority Mortgage and Assignment of Rents and Leases (the "Mortgage") in favor of Caterpillar for the following real property described as:

> Parcel No. 41-1-2 Estate Frydenhoj, No. 3 Red Hook Quarter, St. Thomas, U.S. Virgin Islands as shown on PWD File No. G9-658-T62.

("the Property"). *Id.* at ¶¶ 12-14. The Mortgage was recorded with the Office of the Recorder of Deeds for St. Thomas and St. John on May 7, 2015. *Id.* at ¶ 14.

The Complaint further asserts that Defendants defaulted by failing to make monthly installment payments of principal and interest on the Note, and that upon default, the total indebtedness became due and payable. Caterpillar alleges that the total amount of principal and past accrued interest due as of July 7, 2016 is $463,548.77, with interest still accruing. *Id.* at ¶¶ 15, 16. Caterpillar contends it has made demand upon Defendants for payment, but they have failed to pay and thereby have defaulted under the terms of the Note. *Id.* at ¶¶ 17, 18. Because the Mortgage gives Caterpillar the right to foreclose upon the Property, Caterpillar seeks to sell the property at a Marshal's Sale, apply the proceeds against the amount owed on the Note and recover from Defendants all resultant costs including legal fees incurred in its efforts to collect the debt. *Id.* at ¶ 19. Caterpillar also seeks a determination of the priority of liens and a deficiency judgment against Defendants for any deficiency that may remain due on the Note after the sale. *Id.* at 4.

Cheryl A. Boynes-Jackson, in her individual capacity and as Trustee of the Trust, Bernice C. Boynes, and Noel U. Boynes were served with copies of the Summons and Complaint. (Dkt. Nos. 13-16).[1] Attorney Andrew Capdeville filed a Notice of Appearance on behalf of Cheryl A. Boynes-Jackson in her capacity as Trustee (Dkt. No. 18) and filed a timely Answer for the Trustee. (Dkt. No. 19). Michael Jackson, Sr., Bernice C. Boynes, Noel U. Boynes, Sr., and Cheryl Boynes-Jackson in her individual capacity, all appearing *pro se*, filed Answers on the next day. (Dkt. Nos. 22-25).

Following discovery, Caterpillar filed a Motion for Summary Judgment (Dkt. No. 43), accompanied by a Memorandum in Support and a Statement of Undisputed Facts. (Dkt. Nos. 44-45). None of the Defendants responded to Caterpillar's Motion for Summary Judgment nor have

---

[1] The docket report does not show that Defendant Michael Jackson, Sr. was served with a copy of the Summons and Complaint. This Defendant nevertheless filed an Answer without affirmative defenses relating to service. (Dkt. No. 22).

they filed any motion on their own behalf. Subsequently, Caterpillar filed a "Notice of Defendants' Failure to Oppose Summary Judgment" (Dkt. No. 46), pointing out that Defendants had not opposed the motion, nor had they sought any additional time to do so. *Id.* Defendants still did not respond.

In its Motion, Caterpillar contends that it is entitled to summary judgment because Defendants are indebted to it for a sum certain, as each Defendant executed a Deficiency Promissory Note which stated that they did not contest the validity of the loan documents, guaranties, or deficiency balance; and, as security for that deficiency balance, Cheryl Boynes-Jackson, Trustee of the Trust, executed the Mortgage in favor of Caterpillar for the Property. Moreover, Defendants admitted these facts in their Answers, which bind them. (Dkt. No. 44 at 4). Caterpillar maintains that the Note provided a schedule for payments; that Defendants failed to make the payments required other than a single payment of $120,528.86; and that Caterpillar demanded payment of the overdue charges. Caterpillar further contends that Defendants have admitted that demand had been made. (Dkt. Nos. 19, at 2; 22 at 2; 23 at 2; 24, at 2; 25, at 2). In its Motion, Caterpillar submits that the time has expired to complete payments under the Note; that a debt of $493,201.35 of principal and interest is outstanding as of March 24, 2017, which accrues per diem interest of $64.90; and the Mortgage provides that Caterpillar may foreclose on the Property. (Dkt. Nos. 44, at 5; 55 at ¶¶ 13, 17).

These facts are supported in Plaintiff's Statement of Undisputed Facts (Dkt. No. 45-1) with attached exhibits. Included in the exhibits is an Affidavit of Chris Oberholtzer, a Special Accounts Representative. (Dkt. No. 45-3). This Affidavit was superseded by an Updated Affidavit executed by Ed Norfleet, a Special Accounts Manager. (Dkt. No. 55 at 1). Norfleet avers that, as of March 24, 2017, the unpaid principal of the Note was $467,243.38 and accrued interest of $25,957.98.

Norfleet also avers that interest continues to accrue on the unpaid principal from and after March 25, 2017 at a per diem rate of $64.90. *Id.* at 2. He also asserts that Caterpillar made repeated requests that Defendants comply with their payment obligations, but they have failed to do so. *Id.* Finally, Caterpillar asserts that because the validity of the debt and the encumbrance of the Property are not in dispute, the Trustee expressly waived the requirement that mediation take place before the Court could foreclose on the Property. (Dkt. Nos. 40; 45 at ¶ 3).

Caterpillar also argues that, under Virgin Islands law and paragraphs 18.1 and 18.2 of the Mortgage, it is entitled to recover reasonable costs incurred or sums paid, including reasonable attorneys' fees associated with the lawsuit. (Dkt. Nos. 44 at 6; 45-2 at 6). Caterpillar requests reimbursement for attorneys' fees at $300 per hour. (Dkt. No. 44 at 8). Counsel reports spending 31.5 hours on the case for attorneys' fees totaling $9,450.00. Caterpillar contends that this amount is reasonable, given the time necessary to draft the complaint and discovery demands, negotiate with Defendants, draft a deed in lieu of foreclosure and consent judgment, and draft the Motion for Summary Judgment. *Id.* In addition, Caterpillar claims that the costs and expenses of $2,068.07 should be reimbursed. *Id.* Plaintiff provided a Declaration of Counsel in Support of Costs, Expenses and Attorneys' Fees, as well as a billing statement in support of its request. (Dkt. No. 45-6).

## II.   APPLICABLE LEGAL PRINCIPLES

To prevail on a motion for summary judgment, a movant must show that there is "no genuine dispute as to any material fact," and that, on the uncontroverted facts, it is "entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see also Stone v. Troy Construction, LLC,* 935 F.3d 141, 147 n.6 (3d Cir. 2019). The moving party bears the initial burden of demonstrating the absence of a genuine dispute of material fact. *Goldenstein v. Repossessors, Inc.*, 815 F.3d 142,

146 (3d Cir. 2016) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)). Once the moving party has met this burden, the non-moving party "must set forth specific facts showing a genuine issue for trial and may not rest upon mere allegations, general denials, or . . . vague statements." *Patterson v. Glory Foods, Inc.*, 555 F. App'x 207, 211 (3d Cir. 2014) (quoting *Quiroga v. Hasbro, Inc.*, 934 F.2d 497, 500 (3d Cir. 1991) (internal quotation marks omitted; alteration in original)); *see also* Fed. R. Civ. P. 56(c).

In reviewing a summary judgment motion, the court is required to view all facts "in the light most favorable to the non-moving party, and draw all reasonable inferences in that party's favor." *Curto v. A Country Place Condominium Ass'n,, Inc*., 921 F.3d 405, 409 (3d Cir. 2019) (citations omitted). The role of the court is to "determine whether there is a genuine issue for trial." *Stiegel v. Peters Twp*., 600 F. App'x. 60, 63 (3d Cir. 2014) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986) (internal quotation marks omitted)). A genuine issue of material fact exists when the fact-finder, viewing the record evidence, could rationally find in favor of the non-moving party. *See Pearson v. Prison Health Service*, 850 F.3d 526, 534 (3d Cir. 2017).

Pursuant to Rule 56(e), a non-moving party is required to establish facts which show the existence of a genuine issue for trial. This does not mean, however, "that a moving party is automatically entitled to summary judgment if the opposing party does not respond." Rather, "[i]f the adverse party does not [] respond, summary judgment, *if appropriate*, shall be entered against the adverse party." *Anchorage Associates v. Virgin Islands Bd. of Tax Review*, 922 F.2d 168, 175 (3d Cir. 1990) (internal quotations and citations omitted).

"Generally, debt actions are well suited for summary judgment. Because of the relative simplicity of the issues involved, suits to enforce promissory notes are among the most suitable classes of cases for summary judgment." *Flagstar Bank, FSB v. Lyles*, 2017 WL 987448 at *3

(D.V.I. March 14, 2017) (quoting *Pemberton Sales & Serv., Inc. v. Banco Popular de Puerto Rico*, 877 F. Supp. 961, 971 (D.V.I. 1994) (internal citations and quotations omitted)). To succeed on a debt and foreclosure action, the plaintiff must show: (1) the debtor executed a promissory note and mortgage; (2) the debtor is in default under the terms of the note and mortgage; and (3) the lender is authorized to foreclose on the property mortgaged as security for the note. *Brouillard v. DLJ Mortg. Capital, Inc.*, 63 V.I. 788, 793 (2015); *see also Anthony v. FirstBank Virgin Islands*, 58 V.I. 224, 229 (V.I. 2013) (foreclosure requires a valid mortgage, default on part of mortgagor, and foreclosure in compliance with terms of contract).[2]

### III. DISCUSSION

**A.  Summary Judgment**

In supporting its Motion for Summary Judgment, Caterpillar has submitted ample evidence that it holds a valid debt against Defendants. Caterpillar submitted a copy of the Trustee's Certificate, which is signed by all Defendants and empowers Cheryl Boynes-Jackson to execute all documents "in connection with the consummation of the Mortgage" (Dkt. No. 45-1 at 1-3); and the Deficiency Promissory Note, dated April 20, 2015, in which Defendants specifically agree to the validity or enforceability of the loan documents, the guaranties, and the deficiency balance. The Note sets forth a clear schedule for payments due under the Note. (Dkt. No. 45-1 at 4-5).

---

[2] Although Caterpillar's Motion and associated memorandum focuses primarily on Virgin Islands and Third Circuit law, the Note at issue states that it is governed and construed in accordance with "the substantive laws of the State of Tennessee, without regards to the conflict of laws provisions thereof." (Dkt. No. 1-2 at 5). The Mortgage does not contain a choice-of-law provision. (Dkt. No. 1-1). Defendants make no request nor suggestion that Tennessee law should be applied in this case, or that Tennessee law is significantly different from the law of the Virgin Islands. Accordingly, the Court concludes that the parties have waived any choice-of-law issue by failing to address it. *See Reading Health System v. Bear Stearns & Co.*, 900 F.3d 87, 99 (3rd Cir. 2018) (citing *Williams v. BASF Catalysts LLC*, 765 F.3d 306, 316-17 n. 48 (3d Cir. 2014).

Caterpillar's evidence also includes copies of the Mortgage and Assignment of Rents and Leases, executed by Cheryl Boynes-Jackson as Trustee (Dkt. No. 45-2); the Norfleet Affidavit attesting to the amounts due under the Note (Dkt. No. 55); and one of the Answers that represents all of the identical Answers filed by Defendants individually, where they admitted, *inter alia*, the existence and validity of the debt against them. (Dkt. No. 45-4). Based on the foregoing, Caterpillar has shown that Defendants are liable on the Note, as well as the Mortgage which secured the debt. Accordingly, there is no genuine dispute of material fact as to whether Defendants are liable to Caterpillar.

Caterpillar has also provided evidence that Defendants are in default on the Note and Mortgage for failing to make payments due under the Note, and that it may foreclose on the Property, pursuant to the admissions in Defendants' Answers and the Affidavit of Ed Norfleet. (Dkt. Nos. 45 at ¶¶ 9-12; 55 at ¶¶ 7-11). The Mortgage provides that, if there is a default, Caterpillar has the right to accelerate payment of the amounts secured by the Mortgage and declare the full amount immediately due and payable. In addition, the Mortgage authorizes Caterpillar to foreclose on the Mortgage and sell the property, as well as to obtain a deficiency judgment for amounts remaining unpaid after the sale. (Dkt. No. 45-2 at 6, ¶ 17). Caterpillar has shown that it is entitled to enforce the Note and Mortgage, and foreclose on the Property, thus satisfying the second and third requirements for a debt and foreclosure claim.

As set forth above, Caterpillar also has provided the requisite support for its damage calculation that Defendants owed $467,243.38 of unpaid principal and accrued interest of $25,957.97 as of March 24, 2017, and with per diem interest accruing at $64.90 from March 25, 2017 up to and including the date the Judgment is entered. (Dkt. No. 45, ¶ 8; Dkt. No. 45-3; Dkt. No. 55 at 2).

The Court finds that this evidence is sufficient to shift the burden to Defendants to set forth specific facts showing that a genuine issue of material fact exists and that a reasonable factfinder could rule in their favor regarding the debt and foreclosure causes of action. *Patterson*, 555 F. App'x at 211. Defendants have elected not to respond, thereby not opposing any of the material facts contained in Caterpillar's Motion for Summary Judgment. The Trustee also has expressly stipulated to waive the statutory requirement that mediation take place before foreclosure can occur. (Dkt. No. 45, ¶ 13; Dkt. No. 45-5).

In view of the foregoing, the Court finds that there is no genuine issue of material fact regarding Defendants' liability on Caterpillar's debt and foreclosure causes of action. Because Caterpillar has satisfied the requirements for debt and foreclosure under Virgin Islands law, *Brouillard*, 63 V.I. at 793, at *3, summary judgment in its favor is appropriate.

### B.   Attorneys' Fees and Costs

In addition to recovery of unpaid principal and interest on the Note, Caterpillar seeks to recover its attorneys' fees and costs. Caterpillar's attorney, David J. Cattie, Esq., provided a Declaration and billing statement in support of this request. (Dkt. No. 45-6). In its Memorandum of Law, Caterpillar quotes paragraphs 18.1 and 18.2 of the Mortgage, the latter which states that Defendants will promptly pay all "reasonable costs" incurred in any proceeding seeking to enforce the mortgage, including reasonable attorneys' fees. (Dkt. No. 44 at 6). The Mortgage further states that attorneys' fees include fees for time expended by any attorney, paralegal, legal assistant or law clerk employed by the attorney; that rates would be presumed reasonable unless they were in excess of the standard hourly rates by the attorney; and that indemnification for attorneys' fees would be governed by contract rather than statute or judicial discretion. *Id.* On the other hand, the

Note is silent as to attorneys' fees and costs, and thus is governed by statute—5 V.I.C. § 541(b). *Id.* at 7.

The Virgin Islands statute governing attorneys' fees states, in pertinent part: "The measure and mode of compensation of attorneys shall be left to the agreement, express or implied, of the parties . . . ." 5 V.I.C. § 541(b). The Mortgage provides that Plaintiff can recover its attorneys' fees and that attorney fee rates will be presumed reasonable "except on a showing that the rates charged Mortgagee are in excess of the standard and customary hourly rates charged by said attorneys." (Dkt. No. 1-1 at 6-7). The Supreme Court of the Virgin Islands, however, has held that "although a fee arrangement for legal services is a matter of contract between the client and the attorney, courts will enforce only reasonable attorneys' fees, even if the contract itself is otherwise enforceable." *Rainey v. Hermon*, 55 V.I. 875, 880-81 (V.I. 2011); *see also New Residential Mortgage LLC v. Bentley*, 2020 WL 5579553, at *1 (D.V.I. Sept. 16, 2020).

The Court undertakes a two-step inquiry when examining the reasonableness of attorneys' fees. First, the Court determines whether the hours billed were "'reasonably expended,'" excluding time billed that is "'excessive, redundant, or otherwise unnecessary.'" *Phillips*, 2018 WL 1789546 at *3 (quoting *Flagstar Bank, FSB v. Stidiron*, 2013 WL 5941298 at *6 (D.V.I. Oct. 31, 2013)). Second, the Court determines whether the hourly rate sought is reasonable, in comparison to prevailing market rates in the relevant community "'for similar services by lawyers of reasonably comparable skill, experience, and reputation.'" *Williams v. Ranger American of V.I., Inc.,* 2017 WL 2543293 at *1 (D.V.I. June 12, 2017); *see also Loughner v. Univ. of Pittsburgh*, 260 F.3d 173, 180 (3d Cir. 2001) (same).

Addressing the hourly rate first, Virgin Islands courts "'have generally concluded that a reasonable hourly rate in this jurisdiction spans from $125 to $300 per hour.'" *Williams*, 2017 WL

2543293 at *2. Caterpillar has acknowledged this line of cases in its Memorandum. While the agreement between Caterpillar and its attorneys called for fees between $415 and $430 per hour, Caterpillar agreed to limit its request for fees to $300 per hour in light of prevailing attorneys' fees rate in this District. The Court concludes that the $300 per hour rate charged by Attorney Cattie is reasonable and customary and falls within the scope of rates for such services.

Regarding the reasonableness of the time expended, Caterpillar seeks compensation for 31.50 hours of work billed in this matter. (Dkt. No. 45-6). Although the time expended here is more than the amount of time that the Court generally has found reasonable for debt and foreclosure actions involving uncontested summary judgment motions,[3] the Court nonetheless finds that the hours billed in this case were reasonably expended, given that this case was more complex than the run-of-the-mill uncontested summary judgment debt and foreclosure cases. This case involved five Defendants. In addition, there was substantial litigation as Caterpillar engaged in discovery and settlement negotiations. *See, e.g.*, Dkt. No. 34 (Discovery Memorandum); Dkt. No. 40 (Stipulation). As indicated in the billing summary, counsel conferred with opposing counsel in a continuing effort to settle the case, and drafted a consent judgment, deed in lieu of foreclosure, and related documents. Because those efforts did not bear fruit, counsel prepared the summary judgment motion. Counsel also attended a pretrial conference and engaged in communication with

---

[3] *See, e.g., Bank of Nova Scotia v. Clarke*, 2017 WL 6453392 (D.V.I. Dec. 18, 2017) (finding 16.70 hours billed was reasonable in uncontested foreclosure case); *Flagstar Bank, FSB v. Lyles*, 2017 WL 987448 (D.V.I. March 14, 2017) (finding 13.10 hours reasonably billed in foreclosure with unchallenged summary judgment motion and several status conferences); *Nationstar Mortgage, LLC v. Florio,* 2014 WL 2976232 (D.V.I. July 1, 2014) (awarding $4,718.61 in attorneys' fees and costs in essentially uncontested summary judgment and default judgment debt and foreclosure case).

the Court as well as with Caterpillar. Under the circumstances, the Court finds the 31.5 hours reasonable in this case and will award the requested attorneys' fees of $9,450.00.

With regard to costs, under the terms of the Mortgage, Defendants agreed to pay "all reasonable costs incurred or sums paid by [Caterpillar]" as a result of any foreclosure action. (Dkt. No. 44 at 6). Section 541(a) defines what costs are "allowed in a civil action."[4] The Supreme Court of the Virgin Islands has opined that "costs" and "expenses" are not the same under 5 V.I.C. § 541. *See Terrell v. Coral World,* 55 V.I. 580, 591 n. 14 (V.I. 2011). With respect to Caterpillar's claimed expenses, such reimbursement is permitted by contract, the terms of which are regularly enforced by courts. *See Fields v. Thompson Printing Co., Inc.*, 363 F.3d 259, 271 (3d Cir. 2004) ("[C]ourts are obligated to enforce contracts as they are made by the parties and not to create additional terms out of thin air."); *Rainey v. Hermon*, 55 V.I. at 880-81 (enforcing the terms of a contract, even for legal fees and administrative costs, "unless the fee is unreasonable.").

Caterpillar is seeking reimbursement of $2,068.07 for the following expenses: title search fee, filing fee for Trustee's Certificate and lis pendens, recording fee, service fees, computer research fees, copies and postage. (Dkt. No. 45-6). Reasonable expenses related to title searches, filing and recording fees, and process server fees are appropriate expenses that may be recovered in a foreclosure proceeding. *Matrix Financial Services Corp. v. Laurent*, 2016 WL 2757698, at *6 (D.V.I. May 11, 2016). However, "overhead costs," such as postage, computer legal research, and messenger fees, are not considered compensable. *See Morcher v. Nash*, 32 F. Supp. 2d 239, 263

---

[4] The costs allowed under Virgin Islands law are: "(1) Fees of officers, witnesses, and jurors; (2) Necessary expenses of taking depositions which were reasonably necessary in the action; (3) Expenses of publication of the summons or notices, and the postage when they are served by mail; (4) Compensation of a master as provided in Rule 53 of the Federal Rules of Civil Procedure; (5) Necessary expenses of copying any public record, book, or document used as evidence on the trial; and (6) Attorney's fees as provided in subsection (b) of this section." 5 V.I.C. § 541(a).

(D.V.I. 1998) (finding computerized legal research is considered overhead and not reimbursable under § 541); *Creative Minds, LLC*, 2014 WL 4908588, at *1 (V.I. Super. Sept. 24, 2014) (refusing reimbursement of postage and photocopying which are overhead). For these reasons, the Court disallows $68.47 for Westlaw usage, copies and postage, but will allow the balance—$1,999.60—incurred for title work, recording fees, court filing fees, and costs of service of process. The Court finds that these expenses were reasonably incurred in this debt and foreclosure action and will be reimbursed.

## IV.  CONCLUSION

For the reasons discussed above, the Court will grant Plaintiff Caterpillar's Motion for Summary Judgment against Defendants Cheryl A. Boynes-Jackson, Trustee of the Noel U. Boynes, Sr. and Bernice C. Boynes Joint Living Trust; Noel U. Boynes, Sr.; Bernice Boynes; Michael Jackson; and Cheryl Boynes-Jackson (Dkt. No. 43). In this regard, the Court will award $493,201.35 in unpaid principal and accrued interest through March 24, 2017, plus $64.90 in per diem interest from March 25, 2017 up to and including the date of this Judgment, totaling an additional $89,237.50. In addition, the Court will award $9,450.00 in attorneys' fees and $1,999.60 in expenses, for a total award of $11,449.60 in attorneys' fees and expenses through March 21, 2017.

An appropriate Judgment and Order accompanies this Memorandum Opinion.

Date: December 28, 2020  _____/s/_____
WILMA A. LEWIS
Chief Judge